FEBRUARY TERM, 1865.

Edwin M. Lewis, administrator of James Normand, appellant, and Eliza Grognard, respondent.

1. In strictness, the grant of administration operates only within the jurisdiction where it is granted. It gives no legal right to collect debts, or recover the possession of property elsewhere.

2. Where letters of administration are granted in different jurisdictions, the inventory of each administrator regularly includes only the property within the jurisdiction where his letters are granted, and for that property

2 N *

only he is accountable. Each administrator must account for the property in his hands, before the tribunal of the state from which his authority emanates.

3. Where administration has been granted in the place of the domicil of the intestate, and ancillary administration elsewhere for the purpose of collecting debts, if the fund in the hands of the foreign administrator is needed for the purposes of due administration in the place of the domicil, the mode of reaching it would be to require its transmission or distribution, after all claims against the foreign administration had been ascertained or settled.

4. The distribution of an intestate's property must be regulated by the law of his domicil. But by what tribunal that distribution shall be made, depends upon circumstances, and rests in the sound discretion of the tribunal before which the account of the foreign administrator is brought for settlement. Where parties interested in the distribution reside in the state where foreign administration is granted, the fund will be retained and distributed there.

5. An administrator, by virtue of a grant of administration in this state, the place of the intestate's domicil, who has also sued out letters of administration upon the intestate's property lying in a foreign state, is required to file here, an inventory of such property only as he is authorized to administer here; and for that alone will he be required to give security.

Mr. *A. O. Zabriskie,* for appellant.

Mr. *Boyd* and Mr. *Ransom,* for respondent.

THE ORDINARY. James Normand, the intestate, died at Jersey City in February, 1863, leaving personal property to the value of $40,000. For several years prior to, and at the time of his death, he resided in Hudson county, where he died. The bulk of his property consisted of bank stocks and other funds, in the state of Pennsylvania. The personal property, in this state, amounted to about $300, and consisted mainly of a deposit of $253, in the Bank of Jersey City. The securities and evidences of indebtedness belonging to the estate were in the hands of Edwin M. Lewis, of Philadelphia. In April, 1863, administration upon the estate was granted to Lewis, both in this state and in Pennsylvania. The inventory in Pennsylvania included the property, the *situs* of which was in that state. The inventory in this

state included, or was intended to include, the property here. Security was given in each state for the property included in the inventory filed within the respective jurisdictions.

On the 26th of November, 1864, the Orphans Court of the county of Hudson, by a decree, ordered that the administrator file an inventory of the whole estate of the intestate, and give security in the whole amount of the property, or that the letters of administration be revoked. From this decree the administrator has appealed.

The decree is based on the assumption that the inventory filed in this state should have included all the property of the intestate, wherever situate. It is usual, in practice, for the administrator in the place of the intestate's domicil, to include in his inventory, all the property of the intestate, the securities for which come to his hands. Though the property is situate in other states, the debts may be collected and the estate settled by voluntary transfer of the property to the hands of the administrator, without the necessity of taking out letters of administration elsewhere. But in strictness, the grant of administration operates only within the jurisdiction where it is granted. It gives no legal right to collect debts, or recover the possession of property elsewhere. Hence, it frequently become necessary to sue out letters of administration in other states, where the property may be situate, or debts may be owing. In such case, the inventory of each administrator regularly includes only the property within the jurisdiction where his letters are granted. For this property only he is accountable. Each administrator accounts for the property in his hands, before the tribunals of the state or sovereignty from which his authority emanates. *Vaughan* v. *Northup*, 15 *Peters* 1; 2 *Kent's Com.* 431; *Story's Conf. of Laws,* § 513. The subject was considered in *Moore's Adm'r* v. *Moore,* 2 *McCarter* 97, and I refer to the views expressed in that case, and the authorities there cited.

Where administration has been granted in the place of the domicil of the intestate, and ancillary administration

elsewhere for the purpose of collecting debts, if the fund in the hands of the foreign administrator is needed for the purposes of due administration in the place of the domicil, the mode of reaching it would be to require its transmission or distribution after all claims against the foreign administration had been ascertained and settled. *Story on Conf. of Laws,* § 518; 2 *Williams on Ex'rs* 1415.

The distribution of the fund must be regulated by the law of the domicil of the intestate. But whether that distribution shall be made by the tribunals of the several states by which the letters are granted, or whether the balance for distribution shall be transmitted by the foreign administrator to the place of the domicil, to be there distributed, depends upon circumstances, and rests in the sound discretion of the tribunal before which the account of the foreign administrator is brought for settlement. Where parties interested in the distribution reside in the state where foreign administration is granted, the fund will be retained and distributed there. *Harvey* v. *Richards,* 1 *Mason* 381; *Isham* v. *Gibbons,* 1 *Bradford's R.* 70; *Parsons* v. *Lyman,* 4 *Bradford's R.* 268.

In *Parsons* v. *Lyman,* the testator, at the time of his death, was domiciled in Connecticut. The will was proved, and letters testamentary were issued in that state, and also in the state of New York. Upon the settlement of his accounts by the executor in the state of New York, the court there settled the construction of the will, and directed a distribution of the fund, although a suit for that purpose was pending in the state of Connecticut.

Neither the Orphans Court, nor this court, has any right to require that the administrator shall bring the fund to which the next of kin may be entitled, from Pennsylvania to this state for distribution. In that respect, the conduct of the administrator must be controlled by the judicial tribunal of Pennsylvania. Nor can the court here anticipate what their decision may be. The claimants to the fund reside neither in this state, nor in Pennsylvania. And there

seems to be no peculiar reason why the distribution should be made by one state rather than the other, except the fact that the distribution must be made according to the laws of this state. Should the fund be transmitted to this state for distribution, it is not to be presumed that the security which has already been given for it in the state of Pennsylvania, would be lost or forfeited. Even if the Orphans Court, in its discretion, might require security for the funds not within the jurisdiction of the court, it could be only for so much as might, by the order of the court in Pennsylvania, be transmitted to this state. There can be no propriety in requiring security to be given for funds, to which the administrator, by virtue of the grant of administration in this state, has no title, for the due administration of which he has already given security in a foreign jurisdiction, and over which the tribunals of another sovereignty exercise legitimate control.

Nor can there be any propriety in requiring the administrator to file an inventory of such property. If administration in the two states had been committed to different individuals, the impropriety of requiring the administrator here to file an inventory of property beyond his control would be obvious. The principle is not altered by the fact that both administrations are committed to the same individual. The property in another jurisdiction, which he has been authorized to administer there, does not come to his hands or possession to be administered by virtue of the grant of administration in this state. They are not within the scope or meaning of the bond or affidavit required from the administrator.

The order was made, not at the instance of a creditor, but of a party claiming to be the next of kin of the intestate. It is founded upon the erroneous idea that the distribution of the fund can be legitimately made only in the place of the intestate's domicil. It extends, as its terms imply, as the evidence shows, and as the counsel of the respondent contend that it should, to all the property of the intestate, wherever situate.

The decree is clearly erroneous, and must be reversed. Having arrived at this conclusion, it is unnecessary to express any opinion as to the various formal exceptions taken to the proceedings of the court below. The decree is reversed, without costs.